IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GREGORY HUPP, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| LUHR BROS., INC., | ) | Division No. |
| | ) | |
| Defendant. | ) | |
| | ) | |
| **SERVE DEFENDANT AT:** | ) | |
| | ) | |
| National Registered Agents, Inc. | ) | |
| 120 South Central Avenue | ) | |
| Clayton, MO 63102 | ) | |

## COMPLAINT

Plaintiff William Gregory Hupp, by and through his attorneys, Schlichter Bogard and Denton, LLP states as follows for his Complaint:

### Preliminary Statement

1. This action seeks compensatory damages, maintenance and cure arising from injuries sustained by Plaintiff during the course of his employment with Defendant as a towboat engineer on the Mississippi River adjacent to the State of Missouri, which employment relationship was based in or around Cape Girardeau, Missouri, and resulted from Defendant's negligent, tortious and wrongful actions.

### Jurisdiction

2. This action arises under the Jones Act, 46 U.S.C. §30104, *et seq.*, the General Maritime Laws of the United States, and federal common law.

1

3. Jurisdiction over the federal claims is invoked pursuant to 28 U.S.C. §§1331 and 1333.

4. Compensatory damages and maintenance and cure are the remedies provided by 46 U.S.C. §30104, *et seq*., and the General Maritime Laws of the United States.

5. This Court has general personal jurisdiction over Defendant by virtue of its regular, continuous, and systematic contacts within the State of Missouri and also has specific personal jurisdiction over Defendant because this cause arose from its contacts within the forum.

6. Costs and attorneys' fees may be awarded pursuant to Federal Rules of Civil Procedure 54 and 46 and U.S.C. § 30104, *et seq*.

## Venue

7. This action properly lies in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b), because:

   a. Defendant Luhr Bros., Inc. has a substantial presence within the district such that they can fairly be held to reside herein;

   b. a substantial part of the events or omissions giving rise to the claim occurred within this district; and/or

   c. Defendant Luhr Bros., Inc. may be found within this district.

## Parties

8. At all times mentioned herein, Defendant has been a corporation organized under the laws of the State of Illinois but maintains its marine office in Cape Girardeau, Missouri, from which, upon information and belief, it assigns its crews and vessels for inland river navigation and for-profit freight transport. Upon information and belief, at all times relevant, Defendant has been in the business of owning and operating towboats and barges on the inland waterways of the United States, including on the Mississippi River within the boundaries of the State of Missouri.

9. Plaintiff has, at all times relevant, resided in Bloomfield, Missouri.

10. At all times relevant, Plaintiff was employed by Defendant as a third towboat engineer on the inland rivers of the United States and is considered a seaman under the Jones Act.

## COUNT I - JONES ACT

11. On or about May 15, 2020, Plaintiff was employed by Defendant as a third towboat engineer and member of the crew of the M/V Twyla Luhr, while the same was in navigation on the Mississippi River within the borders of the State of Missouri, which vessel was at all times relevant owned and operated by Defendant.

12. At the aforesaid time and place, Plaintiff was assigned to and was working in the regular course of his employment duties on the M/V Twyla Luhr and was caused to sustain injuries in the ordinary course of his employment duties when his right leg was crushed by a flanking rudder in the vessel's rudder room. Plaintiff's injuries and damages resulted, in whole or in part, by the acts and/or omissions of negligence by Defendant, its officers and agents, in one or more of the following respects:

   a. it failed to provide a reasonably safe place and conditions for work;

   b. it failed to provide reasonably safe methods for work;

   c. it failed to provide adequate assistance or a sufficient/adequate crew to perform the work assigned;

   d. it failed to provide reasonably safe and adequate equipment and tools for work;

   e. it failed to adequately and properly train its crew; and

   f. it provided a vessel, equipment and crew that were unseaworthy.

13. As a result of one or more of these negligent acts or omissions, in whole or in part, Plaintiff sustained injuries to both lower extremities, including amputation of his right leg above the knee and persistent pain and swelling of the left leg; he has experienced and will continue to

experience physical pain and emotional distress; he has been disfigured; he has required and is reasonably certain to require additional medical and other healthcare treatment; he has incurred medical expenses and is reasonably certain to incur medical expenses in the future; he has lost and is reasonably certain to continue losing wages, benefits, and earning capacity; he has experienced and will continue to experience disability and impairment in his ability to engage in pleasurable life, physical, and personal activities; all to his damage.

WHEREFORE, Plaintiff prays judgment in Count I against Defendant in a sum of money that will adequately and reasonably compensate for the damages sustained, plus costs of this suit, and for such other and further relief to which Plaintiff may be entitled.

## COUNT II- UNSEAWORTHINESS

14. Plaintiff adopts Paragraphs 1-11 above as if set forth herein and incorporates same by reference.

15. On or about May 15, 2020, Plaintiff was assigned to and was working in the regular course of his employment duties on the M/V Twyla Luhr and was caused to sustain injuries in the ordinary course of his employment duties when his right leg was crushed by a flanking rudder in the vessel's rudder room. Plaintiff's injuries and damages were a direct result or reasonably probable consequence of Defendant requiring Plaintiff to work with Defendant's unseaworthy vessel, unseaworthy equipment and unseaworthy crew in one or more of the aforementioned respects mentioned in Count I and, furthermore, in the following respects:

    a. Defendant's vessel and equipment was not reasonably fit for its intended use;

    b. Defendant failed to provide him with a vessel, equipment, and crew that were seaworthy;

    c. Defendant's use of its vessel and equipment was not reasonably fit for its intended use; and

   d. Defendant's crew assigned to work with Plaintiff was not reasonably adequate and competent for their intended use.

16. As a result of one or more of these negligent acts or omissions, in whole or in part, Plaintiff sustained injuries to both lower extremities, including amputation of his right leg above the knee and persistent pain and swelling of the left leg; he has experienced and will continue to experience physical pain and emotional distress; he has been disfigured; he has required and is reasonably certain to require additional medical and other healthcare treatment; he has incurred medical expenses and is reasonably certain to incur medical expenses in the future; he has lost and is reasonably certain to continue losing wages, benefits, and earning capacity; he has experienced and will continue to experience disability and impairment in his ability to engage in pleasurable life, physical, and personal activities; all to his damage.

WHEREFORE, Plaintiff prays judgment in Count II against Defendant in a sum of money that will adequately and reasonably compensate for the damages sustained, plus costs of this suit, and for such other and further relief to which Plaintiff may be entitled.

## COUNT III- MAINTENANCE AND CURE

17. Plaintiff adopts Paragraphs 1-16 above as if set forth herein and incorporates same by reference.

18. As a result of being injured while in the service of Defendant's vessel, Plaintiff has been unable to work and has been kept off his regular duty by his healthcare providers, continues to receive treatment that is not merely palliative since the subject incident and has not reached maximum cure.

19. Plaintiff is incurring expenses for medical attention, health care services, and medicines and for the cost of living, food, lodging, transportation and shelter; has had to hire legal

counsel and remains unable to work in the position for which he was hired and will continue to remain so in the future.

20.     Plaintiff is entitled, under the General Maritime Laws, to payment from Defendant for adequate maintenance and cure until he reaches maximum cure, which has not yet occurred and which is not likely to be reached in the near future.

WHEREFORE, Plaintiff prays judgment in Count III against Defendant in a sum of money that will adequately and reasonably account for reasonable maintenance and cure due and owing, plus costs of this suit, legal fees, and for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

Nelson G. Wolff # 40796MO
Steven K. Luther # 266570CA
SCHLICHTER BOGARD & DENTON, LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
(314) 621-6115
nwolff@uselaws.com
sluther@uselaws.com

*Attorneys for Plaintiff*