UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM GREGORY HUPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:21-cv-79-SNLJ |
| | ) |
| LUHR BROS., INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff filed this matter under the Jones Act for amputation injuries sustained while working in the rudder room on defendant's tow boat on May 15, 2020. Currently pending are plaintiff's motion to amend his complaint [Doc. 23], defendant's motion for Rule 35 examinations of plaintiff and for extension of time [Doc. 25], and defendant's motion to amend the case management order [Doc. 32].

**I.      Motion to Amend Complaint**

Plaintiff's injuries occurred when his leg was crushed by machinery that operated the towboat's rudders. Plaintiff sustained an above-the-knee leg amputation as a result. The Case Management Order in this case required that amendments to pleadings occur by January 14, 2022, although discovery did not close until May 30, 2022. Plaintiff filed his motion for leave to file the belated amended complaint on April 14, 2022. He seeks to add a single sentence to his complaint:

> "Defendant's failure to protect the exposed hazards of its rudder linkage with a guard, railing, or other protection violated 46 C.F.R. § 144.820."

The regulation cited by the would-be addition is a United States Coast Guard regulation. It states as follows:

> **§144.820 Guards in dangerous places.**
>
> An exposed hazard such as gears and rotating machinery, must be protected by a cover, guard or rail. This is not meant to restrict access to towing equipment such as winches, drums, towing gear or steering compartment equipment necessary for the operation of the vessel.

Plaintiff explains that he did not seek to amend his complaint earlier because he did not have all the necessary information until just before filing his motion. After extensions and disputes regarding discovery, defendant produced the photos of the rudder room that plaintiff requested on February 28, 2022. One photo showed the placement of a chain hanging on the wall near the rudder linkage, although it was unclear whether the chain had been available on the date of the incident to create a removable guard or rail for the exposed machinery. However, at the March 2, 2022 deposition of defendant's corporate representative Cody Shields, Shields testified that the chain depicted in the photo was installed after the plaintiff's accident. Plaintiff contends that Shields further testified it would have been feasible to erect a chain that bars entry into the area at the time of the incident. Plaintiff issued a request for inspection of the vessel on February 4, and it was conducted on March 11. Plaintiff's counsel determined that a cover/guard/rail could have been installed without restricting access to equipment necessary for the operation of the vessel.

After the parties' unsuccessful mediation attempt on April 8, plaintiff sought defendant's consent to amend the complaint to conform to the evidence obtained during discovery to prepare the case for trial.

Defendant did not consent to the amendment and now opposes plaintiffs' motion to amend.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be "freely given when justice so requires."  "Under the liberal amendment policy of Federal Rule of Civil Procedure 15(a), a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The burden of proof of prejudice is on the party opposing the amendment." *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987).

However, when, as here, "a party seeks leave to amend its complaint after the deadline in the case management order has passed, Fed. R. Civ. P. 16(b)'s good cause standard applies, not the standard of Rule 15(a).  Under Rule 16(b), the party must show good cause in order to be granted leave to amend." *Howard v. Whiteside*, No. 4:10cv13 CAS, 2010 WL 5287468, at *2 (E.D. Mo. Dec. 17, 2010) (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) and *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Id.*

Good cause may be demonstrated where the proposed amendment is based on a change in circumstance, law, or newly discovered facts. *Peterka v. City of Maplewood*, No. 4:14-CV-823 ERW, 2015 WL 2145342, at *2 (E.D.Mo. May 7, 2015). "The primary measure of good cause is the movant's diligence." *Kmak*, 873 F.3d at 1034 (quoting *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014)). Courts routinely grant leave to amend pleadings to conform to proof developed during discovery because that constitutes good cause under Rule 16(b). *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 947–48 (8th Cir. 2012).

Defendant argues both plaintiff cannot show good cause for amendment because he has not been diligent, and that plaintiff's amendment would be futile. As to futility, defendant contends that the regulation in question does not apply to the equipment in question. Defendant maintains that the equipment in question—the "rudder linkage"—is steering equipment necessary for operation of the vessel. Defendant argues that is a dangerous area that is also "plainly and explicitly excluded from any 'cover, guard or rail' requirement of 46 C.F.R. § 144.820." [Doc. 28 at 6.] Defendant also goes on at length about the necessity of expert testimony while at the same time insisting that "common sense" dictates the regulation does not apply. [*Id.* at 8.] Defendant further concludes without citation that the "subsequent remedial measure" of the addition of the chain guard to the area is not admissible evidence. Ultimately, defendant's arguments read like a summary judgment briefing, and it is not at all clear that plaintiff's proposed amendment would be futile.

This case was filed only one year ago, and discovery is just recently completed on May 30.  Mediation was only completed on April 8—just days before plaintiff filed this motion.  Defendant suggests plaintiff should have come up with his theory about the regulation last summer when he had video footage of (and, of course, a working practical familiarity with) the relevant locations in the vessel in which he had worked.  Although plaintiff might have done so through luck or clairvoyance, plaintiff adequately explains that the later-obtained additional photographs and the deposition of defendant's corporate representative were the catalyst for this particular theory.  Such an explanation does not lend itself to the conclusion that plaintiff has not been diligent. This Court finds plaintiff has shown good cause for the amendment and will grant the motion.

**II.     Motion to Compel Rule 35 Examination and Extension of Time**

Rule 35 allows a Court to order a physical or mental examination when a party's physical or mental condition is in controversy. It provides that a court "may order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed R. Civ. P. 35(a)(1). Such an order "may be made only on motion for good cause and on notice to all parties and the person to be examined." Fed R. Civ. P. 35(a)(2). The Rule "requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.' " *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964).

Defendant wishes to schedule three separate Rule 35 examinations of plaintiff. In its notice, defendant states as follows:

> 1. Vocational Rehabilitation – Dr. Lloyd anticipates a maximum of 5 hours (with breaks) to conduct an interview and vocational testing with Mr. Hupp. She would like to begin either at 8:00 am or 12:00 pm on April 13, 2022, which is her last available date in April. Dr. Lloyd's office is at
>
> Independent Rehabilitation Services, Inc - South
> 1740 Innovation Dr. Unit 40
> Carbondale, IL 62903
>
> If Mr. Hupp prefers to meet somewhere closer to his home or somewhere between the two, we can likely arrange that.
>
> 2. Lifecare Planner – Dr. Frain anticipates 2 hours to conduct a sedentary interview and a questionnaire. Her office is located at 400 Chesterfield Center, #400, Chesterfield, MO 63017, but she is flexible as to location and can meet Mr. Hupp at your office, closer to his home or anywhere in between. She is available morning and afternoon on April 27 and April 29, 2022.
>
> 3. Psychiatrist – Dr. Peterson anticipates an exam taking between 4-6 hours, which includes a detailed background interview, mental status examination, discussion of the workplace accident and psychological testing. His office is located at 231 S. Bemiston, Ste 800, Clayton, Missouri 63105.

Plaintiff objects to the Rule 35 request for several reasons.

First, plaintiff objects that two of the three requested examinations are not contemplated by Rule 35. Rule 35 permits "physical or mental" examinations, and the vocational and lifecare experts are not encompassed by the Rule.

Second, plaintiff states that defendant fails to establish good cause because it does not sufficiently delineate what each examination would entail, how each relates to a physical or mental condition in controversy, and whether the examinations are appropriately limited in time or scope.

Third, plaintiff argues defendant's assertion of good cause is undercut by its ample opportunity to discover the purportedly relevant information through less invasive means, including through written discovery and deposition testimony.

Finally, plaintiff maintains that the three separate exams, which total up to 14 hours of plaintiff's time, share significant overlap and are unduly burdensome for plaintiff.

This Court agrees that the defendant has not shown good cause for two of the requested examinations.   It is unclear how a "lifecare planer's" examination is allowed under Rule 35. Defendant argues that the examination will allow the planner to allow her to "assess the assumptions and conclusions stated in Plaintiff's life care plan," including the costs outlined in plaintiff's lifecare planner's report.  But this does not go to the need for a physical or  mental examination contemplated by Rule 35, and the topic appears more properly situated for deposition questions directed at plaintiff's expert.  Defendant identifies no material information needed by its lifecare planner that is not available in medical and physical therapy records, deposition testimony, or other discovery.

As for the vocational expert examination, courts within the Eighth Circuit have generally declined to find that Rule 35 allows for vocational examinations. *See  Washam v. BNSF Ry. Co.*, No. 3:19-CV-00231 KGB, 2020 WL 5237759, at *1 (E.D. Ark. Sept. 1, 2020) (collecting cases).  Indeed, the information sought in a vocational examination is available to defendant through medical records, deposition testimony, and the defendant's own employment records.

The Court will deny the motion to order lifecare planning and vocational examination.

Finally, with respect to the psychological testing, plaintiff's primary objection is that defendant has not disclosed enough information about the requested examination. In particular, plaintiff seeks disclosure of the type of test the psychiatrist will conduct. Plaintiff concedes that his psychological condition is at issue, but he argues that Rule 35 requires notice to set appropriate limitations and assess relevance. Defendant responds that the psychiatric examination specifics should not be disclosed before the evaluation in order to protect the validity and accuracy of the testing. Although Rule 35(a) requires that an order for examination disclose the manner, conditions, and scope of testing, there is no requirement that the specific test be disclosed. Plaintiff further argues that because the vocational examination was to include "psychometric testing," that the examinations risk being unduly repetitive and harassing. Because this Court is denying the motion to order vocational or lifecare planning examinations, however, that argument is now moot.

This Court will grant the motion as to psychiatric examination only.

### III.    Motion to Amend the Case Management Order [Doc. 32]

Defendant has filed a motion to amend the CMO to extend the defendant's expert disclosure deadline to July 8, to allow 60 days to schedule any allowed Rule 35 examinations, to allow 30 days following the final examination to complete disclosures, and to extend other deadlines in the CMO to account for expert-related deadline extensions.

The time has not yet passed for plaintiff to respond.  However, the delays that precipitated the defendant's filing of its motion are apparently not due to any fault by any party.  Rather, scheduling expert depositions has been challenging.  It is unlikely to prejudice any party to allow modest extensions of deadlines.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to amend his complaint [Doc. 23] is GRANTED;

IT IS FURTHER ORDERED that defendant's motion for an order to allow Rule 35 examinations of plaintiff and for extension of time [Doc. 25] is DENIED in part and GRANTED in part;

IT IS FINALLY ORDERED that defendant's motion to amend the case management order [Doc. 32] is GRANTED, and defendant shall file an agreed-upon amended Case Management Order in accordance with this memorandum and order within five days for entry by this Court.

Dated this 6th day of June, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE